IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRENDA K. McCRAY, ) | |
| # 187461, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 1:09cv331-WHA |
| ) | (WO) |
| CYNTHIA S. WHEELER-WHITE, *et al.*, ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.     INTRODUCTION**

This is a petition under 28 U.S.C. § 2254 for a writ of habeas corpus brought by a person in custody under a judgment of a court of the State of Alabama. On April 24, 2007, the petitioner, Brenda K. McCray ("McCray"), pled guilty in the Houston County Circuit Court to four counts of second-degree possession of a forged instrument and one count of illegal possession of a credit card. On that same date, she was sentenced to 15 years in prison on each of the convictions, all sentences to run concurrently. On September 5, 2007, McCray pled guilty in the Houston County Circuit Court to a single count of second-degree possession of a forged instrument. That same date, she was sentenced to 15 years in prison, with the sentence ordered to run concurrently with the sentences imposed on April 24, 2007. McCray did not appeal any of her convictions or file any post-conviction petitions in state court challenging the validity of her convictions or sentences. Under Rule 4 of the Alabama

Rules of Appellate Procedure, her convictions therefore became final on June 5, 2007 (42 days after her sentencing of April 24, 2007), and October 17, 2007 (42 days after her sentencing of September 5, 2007).

In her present petition, filed on April 13, 2009, McCray requests jail credit for the time she was out on bond before pleading guilty and for the time she spent on probation on an earlier sentence rendered in Jefferson County, Alabama. (*Doc. No 1 at p. 6 and p. 11.*) McCray also appears to seek placement in a community corrections program. (*Doc. No. 1 at p. 8.*) Finally, she requests that the Alabama Board of Pardons and Paroles schedule an earlier date for her next parole consideration. (*Doc. No. 1 at p. 9.*)

For the reasons that follow, McCray is not entitled to federal habeas relief.

## II.  DISCUSSION

In order to state a claim for habeas corpus relief, a petitioner must establish that she is being held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. McCray's claims assert no constitutional violation or other violation of her rights.

First, McCray has no right under the Constitution or laws or treaties of the United States to be awarded jail credit for time she spent out on bond or for time she spent on probation for another charge. Moreover, Alabama law provides that the only jail credit given is for time actually incarcerated. Section 15-8-5, Ala. Code 1975, specifically provides that, after conviction, "the sentencing court shall order that the convicted person be credited with

all of his actual time spent *incarcerated* pending trial for such offense." (Emphasis added.) Further, Alabama law provides that jail credit is given only for time spent incarcerated on the charge in question, and not for some other charge. *See Youngblood v. State*, 437 So.2d 629, 630 (Ala. Crim. App. 1983).

McCray's request that she be placed in a community corrections program also fails to state a claim of constitutional dimension. An inmate has no right to a particular place or means of confinement. *Meachum v. Fano*, 427 U.S. 215, 224-25 (1976). Section 15-18-170 *et seq.*, Ala. Code 1975, provides for community-based corrections programs, and entry into such a program is under the authority and discretion of the Alabama Department of Corrections. *See* § 15-18-172(d), Ala. Code 1975). McCray does not state a claim for habeas relief in this regard, and indeed she does not even suggest how the Department of Corrections' failure to place her in a community corrections program violates the Constitution, laws, or treaties of the United States.

The same is true for McCray's request that the Alabama Board of Pardons and Paroles schedule an earlier date for her next parole consideration. She does not assert any wrongdoing by Parole Board officials and appears simply to state dissatisfaction with her next scheduled parole-consideration date. Once again, this is not a claim of constitutional dimension.

Finally, to the extent that McCray's assertions that the trial court erred by failing to award her jail credit when sentencing her in April and September of 2007 may be deemed

to present a constitutional claim challenging the validity of her sentences, her petition is time-barred by the one-year limitation period applicable to § 2254 petitions. *See* 28 U.S.C. § 2244(d)(1).[1] Because McCray did not appeal her convictions and sentences, the convictions became final on June 5, 2007, and October 17, 2007 – 42 days after her sentencing in each

---

[1] The limitation period is codified at 28 U.S.C. § 2244(d) and provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by sMcCray makes no effort to seek harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B)-(D) or to asserting a basis for either equitable tolling of the limitation period in her case. uch State action;

   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

case. *See* Ala.R.App.P. 4(b)(1); *McCloud v. Hooks,* 560 F.3d 1223, 1227 (11th Cir. 2009) ("A conviction is final at the conclusion of direct review or the expiration of the time for seeking such review."); *Bridges v. Johnson*, 284 F.3d 1201, 1202 (11th Cir. 2002) (holding that for purposes of determining the AEDPA limitation period, where the defendant did not seek a direct appeal from his convictions, his convictions became final on the date that his right to appeal expired). McCray did not file a state post-conviction petition challenging her convictions that would have tolled the running of the limitation period. Therefore, the limitation period applicable to her convictions expired in June 2008 and October 2008. She filed the instant habeas petition on April 13, 2009, well after the running of the limitation period. She makes no effort to seek harbor in the statutory tolling provisions of 28 U.S.C. § 2244(d)(1) (B)-(D) or to assert a basis for equitable tolling of the limitation period in her case. Therefore, any challenge to the validity of her convictions and sentences is untimely.

### III.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by McCray be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before **April 4, 2011,** the parties shall file objections to the said Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive

or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 21st day of March, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE